# EXHIBIT 1

## IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER: CV-2020-11-3194

HANY SHEHATA
1707 Broad Blvd.
Cuyahoga Falls, OH, 44223

-VS-                                                                                                                **SUMMONS**

ENGINEERED LAMINATES & COATINGS., LLC
404 N HOWARD ST
Akron, OH 44304

TO the following:

ENGINEERED LAMINATES & COATINGS., LLC
404 N HOWARD ST
Akron, OH 44304

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto. The name and address of the Plaintiff's attorney is:

STEPHAN I. VOUDRIS
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023

You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.

If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.

Sandra Kurt
Summit County Clerk of Courts

December 3, 2020

CM_CV2020113194_2872557

Summit County Clerk of Courts
205 South High Street
Akron, Ohio 44308

**USPS CERTIFIED MAIL**

9214 8901 5774 4600 0001 0771 12

ENGINEERED LAMINATES & COATINGS., LLC
404 N HOWARD ST
AKRON, OH 44304

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | |
|---|---|
| HANY SHEHATA <br> 1707 Broad Blvd. <br> Cuyahoga Falls, OH 44223 <br><br> Plaintiff, <br><br> v. <br><br> ENGINEERED LAMINATES & <br> COATINGS, LLC <br> 404 North Howard St. <br> Akron, OH 44304 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  **JURY DEMAND ENDORSED HEREON** |

## COMPLAINT

Plaintiff Hany Shehata ("Plaintiff") alleges as follows for his Complaint against Engineered Laminates & Coatings, LLC ("Defendant"):

1. Plaintiff worked for Defendant in Summit County for approximately four years until about June 1, 2020 when he was terminated by Defendant.

2. Defendant is an Ohio Limited Liability Company.

3. Plaintiff's primary duty was the repair and maintenance of equipment.

4. Plaintiff was a "blue collar" worker as opposed to a "white collar" worker. He wore a uniform and steel toed boots while working for Defendant.

5. Plaintiff never supervised two or more full time employees while working for Defendant.

6. While working for Defendant, Plaintiff regularly worked significantly more than forty hours in a workweek.

7.  Despite working over forty hours per week, Defendant did not pay Plaintiff time-and-a-half overtime wages for the entire time that he worked for Defendant.

8.  On occasion, instead of paying Plaintiff time and a half overtime wages for working more than 40 hours in a week, Defendant gave Plaintiff comp time to use in the future.

9.  Defendant paid Plaintiff on a salary basis.

10. Defendant misclassified Plaintiff as exempt from overtime payment under the Fair Labor Standards Act.

11. Defendant should have paid Plaintiff time-and-a-half overtime wages for all hours that he worked over forty in a workweek, because he actually was a non-exempt employee under the Fair Labor Standards Act.

12. At the time of Plaintiff's termination, Plaintiff was 68 years old.

13. Plaintiff's national origin is Egyptian.

14. Plaintiff suffers from a physical impairment that substantially limits one or more of his major life activities.

15. Defendant was aware of Plaintiff' disability.

16. Plaintiff has a record of a physical impairment.

17. Plaintiff was qualified for his job.

18. Plaintiff had never been written up, disciplined, or warned about his work performance by Defendant. Rather, he had an excellent work record and an excellent attendance record with Defendant before he became disabled.

19. Defendant's owners and employees subjected Plaintiff to a hostile work environment due to severe and pervasive negative comments about his Egyptian accent and age. For example, they would tell him to "speak English", would say "I need a translation here", claim

2

that there was a "nursing home" in Plaintiff's office, and said that Plaintiff needed a "nurse." Plaintiff complained about the comments to Human Resources, but nothing changed and the comments continued.

20. Prior to Plaintiff's termination, Defendant hired a significantly younger employee (Ron Lewis) to replace Plaintiff.

21. On May 11, 2020, Plaintiff complained in writing to Defendant's owners about age and national origin discrimination and hostile work environment and asked to discuss reasonable accommodations for his disability.

22. Defendant then began retaliating against Plaintiff, for example, by changing his working hours, taking away his paid lunch, not providing him with a new corporate credit card when it switched to a different credit card provider (although it provided one to Ron Lewis), and not permitting him to carry over his unused vacation from 2019.

23. When Plaintiff went to Defendant's office on June 1, 2020 to discuss reasonable accommodations with regard to his disability for his return to work on June 8, Plaintiff noticed that Ron Lewis had taken over his desk.

24. During the June 1, 2020 meeting, Plaintiff again complained about age discrimination. One of Defendant's owners (Steve Goldsword) then physically approaching Plaintiff (placing him in fear) and fired Plaintiff by yelling at Plaintiff to "get out of my company."

25. Defendant has more than 20 employees.

26. Defendant's revenues exceed $500,000 per year.

27. Defendant is an enterprise engaging in interstate commerce.

28. This Court has subject matter and personal jurisdiction over the claims raised in this Complaint.

3

29. Venue is proper Summit County, Ohio because it is the county in which Defendant has its principal place of business and additionally it is where Defendant conducted activity that gave rise to Plaintiff's claim for relief.

30. Plaintiff consents to become a party plaintiff in this action and has attached his written consent hereto as Exhibit A.

31. Plaintiff has hired the undersigned counsel and has agreed to pay them reasonable attorney's fees and costs if he is successful on one or more of the claims set forth herein.

## COUNT I
## UNPAID OVERTIME

32. Plaintiff re-alleges each allegation set forth in paragraphs 1-31 above.

33. Defendant is required to comply with overtime requirements set forth in the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*.

34. Plaintiff was a non-exempt employee under the Fair Labor Standards Act.

35. Defendant has violated the Fair Labor Standards Act by not paying Plaintiff time-and-a-half overtime pay for all hours worked over a regular forty-hour workweek.

36. Defendant's conduct with regard to not paying time-and-a-half overtime wages to Plaintiff was willful.

37. Defendant providing comp time instead of time and a half overtime wages is prohibited by the Fair Labor Standards Act for the type of work performed by Plaintiff.

38. Plaintiff has been damaged by Defendant's non-payment of time-and-a-half overtime wages.

39. Plaintiff is entitled to liquidated damages of one times unpaid overtime compensation pursuant to the Fair Labor Standards Act.

40. Defendant is liable for the costs and reasonable attorney's fees of Plaintiff pursuant to the Fair Labor Standards Act.

## COUNT II
## DISABILITY DISCRIMINATION

41. Plaintiff re-alleges each allegation set forth in paragraphs 1-40 above.

42. In violation of Ohio Revised Code Sections 4112.02 and 4112.99, Defendant discriminated against Plaintiff because of his disability, because of his record of being disabled, or because of perceived disabilities.

43. Plaintiff was qualified for his job.

44. Plaintiff could perform the essential functions of his job with a reasonable accommodation.

45. Plaintiff suffered an adverse employment action when Defendant terminated his employment.

46. Plaintiff has been damaged by Defendant's disability discrimination.

47. Defendant's conduct is the cause of Plaintiff's damages.

48. Defendant acted with actual malice, entitling Plaintiff to punitive damages and his attorney's fees and costs.

## COUNT III
## AGE DISCRIMINATION

49. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 48 above.

50. Plaintiff brings this action under Ohio Revised Code Sections 4112.02(L) and 4112.99.

51. Defendant discharged Plaintiff because of his age.

52. Plaintiff was qualified for his job.

5

53. Plaintiff suffered an adverse employment action by being discharged by Defendant.

54. The person who replaced Plaintiff is significantly younger than Plaintiff.

55. Plaintiff has been damaged by Defendant's age discrimination.

56. Defendant's conduct is the cause of Plaintiff's damages.

57. Defendant acted with actual malice, entitling Plaintiff to punitive damages and his attorney's fees and costs.

## COUNT IV
## RETALIATION

58. Plaintiff re-alleges each allegation set forth in paragraphs 1-57 above.

59. Plaintiff brings this action pursuant to Ohio Revised Code Sections 4112.02 and 4112.99.

60. Plaintiff engaged in statutorily protected activity by opposing Defendant's unlawful employment practices.

61. Plaintiff had a reasonable, good faith belief that Defendant was engaging in unlawful employment practices.

62. Plaintiff suffered an adverse employment action by Defendant terminating his employment.

63. The adverse employment action that Plaintiff suffered would be materially adverse to a reasonable employee and would persuade a reasonable worker not to make or support a charge of discrimination.

64. There is a causal link between Plaintiff's protected opposition and Defendant's termination of Plaintiff's employment.

65. Plaintiff has been damaged by Defendant's retaliation.

66. Defendant's conduct is the cause of Plaintiff's damages.

6

67. Defendant acted with actual malice, entitling Plaintiff to punitive damages and his attorney's fees and costs.

## COUNT V
## HOSTILE WORK ENVIRONMENT

68. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 67 above.

69. In violation of Ohio Revised Code Sections 4112.02 and 4112.99, Defendant discriminated against Plaintiff because of his age and national origin subjecting Plaintiff to a hostile work environment.

70. Plaintiff is a member of one or more protected classes.

71. Plaintiff was qualified for his job.

72. Plaintiff suffered an adverse employment action when Defendant subjected Plaintiff to a hostile work environment.

73. Defendant created a hostile work environment based on Plaintiff's age and national origin by engaging in severe and pervasive conduct that altered the terms and conditions of Plaintiff's employment.

74. Plaintiff has been damaged by Defendant's hostile work environment.

75. Defendant's conduct is the cause of Plaintiff's damages.

76. Defendant acted with actual malice, entitling Plaintiff to punitive damages and his attorney's fees and costs.

## COUNT VI
## NEGLIGENT TRAINING, SUPERVISION AND RETENTION

77. Plaintiff re-alleges each allegation set forth in paragraphs 1-76 above.

78. Defendant had a duty to use due care in training, supervising and retaining employees, including but not limited to Brad Baxter and Jennifer Borza, with regard to hostile work environment and other issues.

79. Defendant breached its duty to use due care in training, supervising and retaining employees.

80. Plaintiff has been damaged by Defendant's failure to use due care.

81. Defendant's conduct is the cause of Plaintiff's damages.

## COUNT VII
## FAILURE TO PRODUCE REQUESTED RECORDS

82. Plaintiff re-alleges each allegation set forth in paragraphs 1-81 above.

83. On October 1, 2020, a person acting on behalf of Plaintiff sent a request to Defendant for documents and records required to be kept and produced pursuant to Ohio Revised Code Section 4111.14(F)-(G).

84. Defendant received the request for documents and records regarding Plaintiff that are required to be kept and produced pursuant to Ohio Revised Code Section 4111.14(F)-(G).

85. Although Defendant has provided some records, Defendant failed to provide the daily time records that are required by Ohio Revised Code Section 4111.14(F)-(G) to be provided.

86. Plaintiff may bring this action pursuant to Ohio Revised Code Section 4111.14(K).

87. Defendant is liable for the costs and reasonable attorney's fees of Plaintiff pursuant to Section 34(a) of Article II of the Ohio Constitution.

WHEREFORE, Plaintiff demands judgment against Defendant for his lost wages, reinstatement or front pay, lost fringe benefits, non-economic damages such as emotional pain, suffering, inconvenience, physical anguish, and loss of enjoyment of life, any other compensatory

8

damages, punitive damages, liquidated damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, and all other relief to which he is entitled.

JURY TRIAL DEMANDED.

                                                         Respectfully submitted,

                                                         /s/ Stephan I. Voudris
                                                         Stephan I. Voudris, Esq.
                                                         Supreme Court No. 0055795
                                                         Voudris Law LLC
                                                         8401 Chagrin Road, Suite 8
                                                         Chagrin Falls, OH 44023
                                                         svoudris@voudrislaw.com
                                                         440-543-0670
                                                         440-543-0721 (fax)

                                                         *Counsel for Plaintiff*

<u>Hany Shehata</u> agrees and consents to become a party plaintiff in this lawsuit.

_____  7/13/2020

**EXHIBIT A**